**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:09-CR-59**

UNITED STATES OF AMERICA                                          PLAINTIFF

v.

DAVID EUGENE HILL                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion to Suppress Statements (Docket #31) and Motion to Suppress Search (Docket #32). The government has responded (Docket #35, 36). The Court held a hearing on December 17, 2009. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Suppress Statements is DENIED, and Defendant's Motion to Suppress Search is DENIED.

**BACKGROUND**

David Eugene Hill is a 68-year-old man who was arrested after he engaged in internet chats with an underage girl, sent her electronic images of himself and sexual items, and agreed to meet her in a park for the purpose of engaging in sexual activity. The underage girl was actually an undercover police officer, Detective Mike Arterburn. Hill was apprehended and arrested in the park on February 22, 2009. Police found a dildo, Valium, and lace underwear in the trunk of Hill's car. They also recovered a thumb drive containing images of young girls. Detective Arterburn and Detective Michael Ball from the Crimes Against Children Unit of the Louisville Metro Police Department (LMPD CACU) transported Hill to the CACU office. Upon Hill's arrival, he was advised of his *Miranda* rights and signed a written waiver. In a videotaped interview, Hill made incriminating statements. Hill alleges that the officers promised him that if

he cooperated, he would only have to pay a fine, and no one else would have to know about the

incident.

Armed with Hill's taped confession, Detective Arterburn took out a federal complaint

against Hill.  Paul Anderson, Senior Special Agent, Immigration and Customs Enforcement,

applied to the U.S. District Court, District of South Carolina, for a warrant to search Hill's

residence.  The warrant sought the following:

> (a) any and all saved, archived or deleted data including but not limited to chat
> logs, and records whether in printed or electronic form that relate to the Yahoo!
> Screen name of "D E", any and all communications, email, ledgers, diaries, notes,
> documents, photographs and other items, whether printed or in electronic form
> that reflect an interest in sexual activity between adults and minors, any and all
> address books, lists of names and/or addresses of minors, maps, records, and/or
> items whether printed or in electronic form, that indicate travel, or plans to travel,
> for the purpose of engaging in sexual activity with a minor in any form wherever
> it may be stored or found . . .;
>
> (b) information, videos, still images, chats, logs, email and/or correspondence
> pertaining to the transmission from South Carolina via interstate commerce
> (Internet) of obscene material to another individual who had not attained the age
> of 16 years and who lived in Kentucky, as set forth in 18 U.S.C. § 1470, that were
> transmitted or received using computer, some other facility or means of interstate
> or foreign commerce, common carrier, or the U.S. mail;
>
> (c) credit card information including but not limited to bills and payment records;
>
> (d) records evidencing occupancy or ownership of the premises . . . ;
>
> (e) records or other items which evidence ownership or use of computer
> equipment found in the above residence . . . .

The warrant was issued on March 9, 2009, by United States Magistrate Judge William M. Catoe.

Hill is now charged with three felonies, carrying a mandatory minimum sentence of ten years.

He has filed a motion to suppress his statements and a motion to suppress the search of his home.

## DISCUSSION

### I.     Motion to Suppress Statements

"The Fifth Amendment prohibits the prosecution's use of a defendant's compelled testimony." *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994) (citing *Oregon v. Elstad*, 470 U.S. 298, 306-07 (1985)). "A statement is not 'compelled' within the meaning of the Fifth Amendment if an individual 'voluntarily, knowingly and intelligently' waives his constitutional privilege." *Colorado v. Spring*, 479 U.S. 564, 573 (1987) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).

"[T]he determination [as to] whether statements obtained during custodial interrogation are admissible against the accused is to be made upon an inquiry into the totality of the circumstances surrounding the interrogation, to ascertain whether the accused in fact knowingly and voluntarily decided to forgo his rights to remain silent and to have the assistance of counsel." *Fare v. Michael C.*, 442 U.S. 707, 724 (1979) (citing *Miranda*, 384 U.S. at 475-77). The totality of the circumstances can include such factors as "age, education, and intelligence of the defendant; whether the defendant has been informed of his *Miranda* rights; the length of the questioning; the repeated and prolonged nature of the questioning; and the use of physical punishment, such as deprivation of food or sleep." *McCalvin v. Yukins*, 444 F.3d 713, 719 (6th Cir.2006) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)). "The warning must reasonably convey to a suspect his rights under *Miranda*, though no 'precise formulation' or 'talismanic incantation' is required." *United States v. Hopson*, 134 Fed. App'x 781, 786 (6th Cir. 2004) (citing *Duckworth v. Eagan*, 492 U.S. 195, 202-3 (1989)). Additionally, "a promise of lenient treatment or of immediate release may be so attractive as to render a confession

involuntary." *United States v. Wrice*, 954 F.2d 406, 411 (6th Cir. 1992).

The Government bears the burden of proving by a preponderance of the evidence that a confession was voluntary. *Id.* at 410. A confession was involuntary if all three elements are shown: (1) the police activity was objectively coercive; (2) the coercion in question was sufficient to overbear the defendant's will; and (3) the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statement. *United States v. Johnson*, 351 F.3d 254, 260 (6th Cir.2003) (quoting *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir.1999)).

Defendant argues that his post-arrest statements were involuntary, since they were made only after promises of leniency and release by the police. While compulsion or coercion is forbidden under *Miranda*, strategic deception does not deem a confession involuntary. *Illinois v. Perkins*, 496 U.S. 292, 297 (1990). The Sixth Circuit has found that promises of leniency have the potential to be coercive if "broken or illusory." *United States v. Johnson*, 351 F.3d 254, 262 (6th Cir. 2003) ("[A]n illusory promise is a statement in the form of a promise, but lacking its substance in that it does not actually commit the police to undertake or refrain from any particular course of action."). A promise may be express or implicit. *See Craft*, 495 F.3d at 263-64 (officer's statement to defendant that he was not interested in the drugs, but interested in the homicide, was an implicit promise not to prosecute the defendant for drug offenses).

In this case, Defendant argues that Detective Arterburn told him the offense was "no big deal" and he would see a judge in the morning, pay a fine, and be on his way back to South Carolina. Defendant also asserts that Detective Arterburn told him his daughters would never have to find out about the crime. Detective Arterburn denies making any promises, although he

admits he said Defendant's crime was "no big deal" as a strategy to minimize the nature of the crime and get Defendant to feel more comfortable talking about it. Detective Arterburn also admits that, in response to Defendant's questions about other people learning of the charges, he told Defendant that the crime was "nobody else's business."

The Court cannot construe language such as "no big deal" or "nobody else's business" as promises of leniency. There were no promises made directly or even implied through these statements. Both officers in the car at the time the alleged promises of leniency were made testified that Detective Arterburn said nothing further than it was "no big deal." Although Defendant's testimony is conflicting, his conduct during questioning in no way demonstrates that he expected to see a judge the next day, pay a fine, and be on his way home. Even though the interrogation took place after the alleged promises, the Defendant still asked when he would see a judge, and opined that the judge might set a high bond because he was out of state. Defendant acknowledged at the hearing that expecting a high bond was inconsistent with the expectation of being released. Prior to the interrogation, Defendant was read his *Miranda* rights and acknowledged that he understood them. The Court finds that Defendant's statements were made voluntarily, and the motion to suppress statements is denied.

## II.     Motion to Suppress Search

Defendant moves to suppress the search of his home, which occurred after his arrest and confession, on the basis that the facts of the affidavit in support of the warrant are insufficient to establish probable cause, and the affidavit was so lacking in indicia of probable cause as to render a reasonably prudent police officer's reliance on the warrant unreasonable. The government asserts that the warrant meets constitutional standards, and the police officers

relying on it acted in good faith.

The Fourth Amendment was established to protect "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV*; see also Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. The law does not require that every conceivable explanation other than a suspect's illegal conduct be ruled out in order to find probable cause, "[i]nstead, we need only consider whether there are facts that, given the factual and practical considerations of everyday life, could lead a reasonable person to believe that an illegal act has occurred or is about to occur." *United States v. Strickland*, 144 F.3d 412, 416 (6th Cir. 1998) (citations omitted). "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (quoting *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)), *cert. denied*, 127 S. Ct. 446 (2006). The Court applies a deferential standard of review. *See United States v. Leon*, 468 U.S. 897, 914 (1984); *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984). The issuing judge's findings of probable cause should not be set aside unless arbitrarily made. *United States v. Brown*, 147 F.3d 477, 484 (6th Cir. 1998).

The Court finds that the warrant is not so lacking in indicia of probable cause as to render a reasonably prudent police officer's reliance on it unreasonable. Detective Arterburn had the following evidence in his possession: copies of the chat conversations between Defendant and himself, evidence of webcam transmissions, the thumb drive with pictures of young (possibly

underage) women in different states of dress, the dildo and Valium located in Defendant's car, and the incriminating statements Defendant made during his interrogation.  The affidavit cites to this evidence, as well as Defendant's South Carolina license plates, South Carolina driver's license, driving directions found in the vehicle, and a motel receipt.  All indications are that Defendant participated in the chat conversations with Detective Arterburn on his own computer from his home in South Carolina.  The circumstances and nature of the crime, as detailed in the affidavit, also suggest that evidence of the crime would likely be found in Defendant's home. The Court believes that probable cause was established.

Even if probable cause is not established by the affidavit accompanying the warrant, the Court finds that the police officers' reliance on the warrant was not unreasonable.  The police relied upon the validity of the warrant in good faith under the standard set by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 923 (1984).  In *Leon*, the Supreme Court held that evidence seized by police should not be suppressed if it is obtained pursuant to a search warrant, which may later be determined to be flawed, if the officer executing the warrant had an objectively reasonable good faith belief in the probable cause determination by the administrator of the oath and the sufficiency of the warrant. *Id.* at 923.  In this case, the affidavit was detailed and precise, and the Defendant's home was properly identified.  There is no evidence of false statements or police misconduct.  The affidavit is not a "bare bones" affidavit lacking in factual information.  In the instant matter, it could reasonably be found that the police had a good faith belief that evidence of the crime existed at Defendant's home.  Therefore, the motion to suppress the search is denied.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to

Suppress Statements is DENIED, and Defendant's Motion to Suppress Search is DENIED.