# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:09-CR-59

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**

**DAVID EUGENE HILL**                                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon several of Defendant's motions filed on October 12, 2010. The government has responded. This matter is now ripe for adjudication. For the following reasons, Defendant's motions are GRANTED IN PART and DENIED IN PART.

## BACKGROUND

David Eugene Hill was arrested after he allegedly engaged in internet chats with an underage girl, sent her electronic images of himself and sexual items, and agreed to meet her in a park for the purpose of engaging in sexual activity. The underage girl was actually an undercover police officer, Detective Mike Arterburn. Mr. Hill was apprehended and arrested in the park on February 22, 2009. He was indicted on April 7, 2009. A superseding indictment was issued on May 11, 2010. This matter is set for trial on November 8, 2010. Defense counsel has filed several pretrial motions for the Court's consideration.

## DISCUSSION

**I.      Motion for Disclosure of Informants (DN 131)**

Defendant's first motion seeks to have the Court enter an order requiring the government to identify any informant who participated in or witnessed the alleged criminal activity as charged in the indictment. Citing *Roviaro v. United States*, Defendant notes that a trial court may require disclosure of an informant's identity "where the disclosure . . . is relevant and

helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." 353 U.S. 53, 60-61 (1957).  The government states that it is unaware of the participation of a confidential informant, and notes that the identities of undercover law enforcement officers have been made available to Defendant through discovery.

In light of the government's response, the motion is DENIED as moot.

## II.     Motion for Bill of Particulars (DN 132)

Defendant's second motion seeks a bill of particulars as to Count IV.  Specifically, Defendant seeks a list of the "visual depictions" which "involve the use of a minor engaging in sexually explicit conduct."  Defendant also seeks a definition from the government of "sexually explicit conduct."  The government objects on the basis that a bill of particulars is unnecessary, as the indictment is sufficiently definite and the government has provided meaningful discovery to Defendant.  In any event, the government also notes that the government intends to introduce "any and all visual depictions that are a lascivious exhibition of the genitals or pubic area of any person."  These images come from Defendant's 512 MB flash drive, which has been provided to Defendant for examination.  Moreover, the government notes that "sexually explicit conduct" is defined by 18 U.S.C. § 2256(2).

"The decision to order a bill of particulars is within the sound discretion of the trial court."  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986)).  A bill of particulars is not intended to "obtain detailed disclosure of all evidence held by the government before trial" or "to discover all the overt acts that might be proven at trial."  *Id.* (citations omitted).  The Court finds that the indictment is sufficient in detail, and Defendant has access to the "visual depictions" in question.

Moreover, the government has provided additional information in its response for Defendant's consideration, including the location of the definition for "sexually explicit conduct." Accordingly, the Court DENIES Defendant's motion for bill of particulars.

### III. Motion for Disclosure of Impeaching Information (DN 133)

Defendant's third motion seeks an order directing the government to disclose certain impeaching information with respect to any and all government witnesses. In support of this motion, Defendant cites to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1982). Defendant's motion includes a lengthy list of information sought from the government. The government's response indicates that the government will comply with its duties under *Brady* and *Giglio*, but Defendant's request is too broad.

Under *Brady*, the government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). The amount of impeachment evidence that Defendant is entitled to is not without limits, however. "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." *Giglio*, 405 U.S. at 154 (quoting *Napue v. Ill.*, 360 U.S. 264, 269 (1959)).

"[T]he government typically is the sole judge of what evidence in its possession is

subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). If the prosecution denies any such exculpatory material exists under *Brady*, the defense does not have "a general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283. The government is already under an obligation to provide exculpatory material under *Brady* and *Giglio*, and the government has represented to the Court that it will comply with this obligation. Defendant's motion is too broad and the Court cannot order the government to disclose such evidence. *See id.* (district court's discovery order to disclose any and all impeachment evidence vacated for being too broad). Accordingly, Defendant's motion is DENIED.

## IV. Motion for Exculpatory Material (DN 134)

The fourth motion filed by Defendant seeks disclosure of any and all evidence in the government's possession that would be favorable or exculpatory to Defendant. This request is made pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Again, Defendant includes a lengthy list of requested information. As discussed in the prior section, the government is aware of its duties under *Brady* and will comply with its obligations. To the extent Defendant's motion seeks disclosure of evidence beyond that required by *Brady*, Defendant's motion must be DENIED. The government shall comply with its *Brady* requirements "in time for its 'effective' use at trial." *Presser*, 844 F.2d at 1283.

## V. Motion for Order Requiring the Government to Give Notice of Its Intention to Use Evidence of Other Crimes, Wrongs or Bad Acts (DN 135)

Defendant seeks an order compelling the government to give notice of its intention to use

evidence of Defendant's other crimes, wrongs, or bad acts at trial. Defendant asserts that this information is necessary for adequate trial preparation and failure to provide this information to Defendant would result in undue prejudice, surprise, and delay. The government asks the Court to deny the motion as moot because the government will provide an appropriate Federal Rule of Evidence 404(b) notice seven days prior to trial.

The Court finds that providing Rule 404(b) notice seven days prior to trial is sufficient to prevent any undue prejudice to Defendant. Accordingly, the motion is DENIED as moot.

## VI. Motion for Leave to File Additional Motions (DN 136)

Defendant requests ten days from the time the government complies with his requests for discovery by which to file additional motions, should they become necessary. The government has no objection so long as the motions are not frivolous and are filed by the attorney of record. The Court GRANTS Defendant's motion.

## VII. Motion to Preserve Evidence for Defense Testing (DN 137)

Defendant's seventh motion asks the Court to order the government "to preserve any and all evidence collected or seized as a result of the investigation of this case so that the evidence can be examined and tested independently by the defense." Defendant also seeks a statement from the government as to any evidence that has already been destroyed or exhausted during testing procedures. Defendant fails to explain which evidence in this case might be subject to testing. Nor does Defendant cite to any case law supporting his argument that such preservation and disclosure is necessary.

While the government is required to preserve evidence that is material and favorable to the accused under *Brady*, the Supreme Court has rejected the notion that the government must

5

preserve all evidentiary material. *See Ariz. v. Youngblood*, 488 U.S. 51, 57-59 (1988) ("[U]nless a criminal defendant can show bad faith . . . failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *accord United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001) ("For the failure to preserve potentially useful evidence to constitute a denial of due process, a criminal defendant must show bad faith on the part of the government."). Interpreting the *Brady* doctrine, the Sixth Circuit has explained that "the Due Process Clause does not impose 'an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution.' The government's constitutional duty to preserve evidence is limited to evidence that possesses an exculpatory value which was apparent before the evidence was destroyed." *United States v. Jobson*, 102 F.3d 214, 219 (6th Cir. 1996) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

Defendant has failed to point to any bad faith on the part of the government. Further, the government is aware of its obligations under *Brady* to retain material exculpatory evidence. Accordingly, Defendant's motion is DENIED.

**VIII. Motion to Preserve and Timely Produce Agents' Rough Notes (DN 138)**

Defendant seeks an order compelling the government to "preserve and produce to the Defendant any rough notes taken by any of its agents, attorneys, or any other officer, state or federal, of any interviews with persons who are or may be witnesses at trial or part of the investigation of this case." Defendant also seeks the opportunity to inspect or copy dispatch tapes from the Jefferson County Police Department. The government objects, asserting that there is no duty on the part of the government to preserve notes, memoranda, and reports of government agents during the course of their investigation.

The *Brady* doctrine and the Jencks Act, 18 U.S.C. § 3500, grant a criminal defendant access to certain evidence. The *Brady* doctrine requires the prosecution to disclose all material exculpatory and impeachment evidence to a defendant. *Brady*, 373 U.S. at 87; *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). The Jencks Act requires that, following the testimony of a government witness, the defendant can request, and the Court order, the government to provide certain documents that relate to the subject matter of the government witness' testimony. 18 U.S.C. § 3500(a), (b).

As stated above, the government's duty to preserve is "limited to evidence that possesses an exculpatory value which was apparent before the evidence was destroyed." *Jobson*, 102 F.3d at 219. Thus, the Government is under no obligation to preserve *all* the rough notes of its agents, although it is under a duty to preserve any rough notes that are known to exculpate Defendant. The Sixth Circuit has likewise held that the routine destruction of interview notes does violate either the *Brady* doctrine or the Jencks Act. *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977) (citing *United States v. Hurst*, 510 F.2d 1035, 1036 (6th Cir. 1975); *United States v. Lane*, 479 F.2d 1134, 1135-36 (6th Cir.) cert. denied, 414 U.S. 861 (1973); *United States v. Fruchtman*, 421 F.2d 1019, 1021-22 (6th Cir.), cert. denied, 400 U.S. 849 (1970). *Cf. United States v. Lonardo*, 350 F.2d 523 (6th Cir. 1965)).

Accordingly, Defendant's motion is DENIED.

IX.     **Motion to Dismiss Count Two (DN 139)**

Defendant seeks to dismiss Count II of the Superseding Indictment because, "as a matter of law, a 'naked, erect penis' is not 'obscene' under federal or state law based on community standards. The government objects to this motion because this is a matter of fact to be

7

determined by the jury.  The Court agrees with the government that this is an issue of fact.  *See Miller v. Cal.*, 413 U.S. 15, 24 (1973) (outlining "basic guidelines for the *trier of fact*" in determining what is obscene).  Accordingly, Defendant's motion is DENIED.

## X.     Motion to Dismiss Based Upon Multiplicity (DN 140)

Defendant's tenth motion seeks to dismiss the entire Superseding Indictment because it violates the rule against multiplicity by dividing one crime into several counts.  The government objects on the grounds that each Count charged in the Superseding Indictment requires proof of an element not required by any other Count.

"To determine if multiplicity exists, a court must first look to 'whether Congress intended to punish each statutory violation separately.'" *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008) (quoting *Pandelli v. United States*, 635 F.2d 533, 536 (6th Cir. 1980)).  If such an inquiry fails to resolve the issue, the Court then looks to "'whether *each* provision requires proof of a fact which the other does not.'" *Id.* (quoting *United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)) (emphasis in original).  In other words, although the government may use the same evidence to prove violations of two statutes, *see id.*, under *Blockburger* "[e]ach of the offenses created requires proof of a different element."  284 U.S. at 304.

Count I charges Defendant under 18 U.S.C. § 2422(b), which requires proof that the defendant used some means of interstate or foreign commerce to persuade, induce, entice, or coerce an individual under the age of eighteen to engage in any sexual activity "for which any person can be charged with a criminal offense."  18 U.S.C. § 2422(b).  Count II charges Defendant with the transfer of obscene material to minors under 18 U.S.C. § 1470.  This Count

8

requires proof that Defendant transferred obscene material through the means of interstate or foreign commerce to an individual under the age of 16. *See* 18 U.S.C. § 1470. Count III charges Defendant under 18 U.S.C. § 2423(b). Under this statute, the government must establish that a person traveled in interstate commerce "for the purpose of engaging in any illicit sexual conduct with another person . . . ." 18 U.S.C. § 2423(b). Finally, Count IV charges Defendant with violating 18 U.S.C. § 2252(a)(4)(B) and (b)(2), which requires proof that Defendant knowingly possessed or accessed matter containing visual depictions, the production of such depictions involving the "use of a minor engaging in sexually explicit conduct" and that such depiction is of such conduct. 18 U.S.C. § 2252(a)(4)(B).

The Court finds that each of these Counts requires "proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. No Count other than Count I requires that the government prove Defendant persuaded or enticed a minor through interstate commerce. Likewise, Count II is the only Count which requires the proof of the transfer of obscene materials. Count III is the only Count which requires proof of travel. Finally, Count IV is the only Count which requires proof that Defendant knowingly possessed or accessed visual depictions of minors engaging in sexually explicit conduct. Although all four Counts are supported by the same alleged facts, each requires proof of one that the others do not.

Accordingly, the Court finds that the Superseding Indictment satisfies the *Blockburger* test, and Defendant's motion is DENIED.

## XI. Motion to Dismiss for Void for Vagueness and Overbreadth (DN 141)

Defendant argues that the statutes he has been charged with are overbroad and void for vagueness. In the Superseding Indictment, Defendant was charged with violating 18 U.S.C. §§

1470, 2422(b), 2423(b), 2252(a)(4)(B) and (b)(2). Defendant argues that these statutes are overbroad and vague because "citizens of reasonable intelligence cannot tell what would be a crime and[ ] may thereby infringe upon their free speech." Defendant alleges that these statutes may include such actions as the passing of dirty jokes, "puffing," fantasy and role playing – all of which are otherwise constitutional. Moreover, Defendant asserts that these statutes fail to adequately define material terms. Finally, Defendant argues that these statutes could result in arbitrary and discriminatory enforcement.

"The Supreme Court has held that the 'void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Staley v. Jones*, 239 F.3d 769, 791 (6th Cir. 2001) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). An overbreadth challenge, on the other hand, permits a litigant "to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Okla.*, 413 U.S. 601, 612 (1973).

As to Count I, the Sixth Circuit has already found that 18 U.S.C. § 2422(b) is not overbroad. *See United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000). "The statute only applies to those who 'knowingly' persuade or entice, or attempt to persuade or entice, minors. Thus . . . it does not punish those who inadvertently speak with minors or who . . . post messages for all internet users . . . ." *Id.* The Court asserted that the defendant in *Bailey* "simply does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts." *Id.*

10

The Court finds this reasoning persuasive and declines to declare § 2422(b) overbroad. The Court also finds that this section is not void for vagueness. As the Second Circuit has pointed out, "[t]he words 'attempt,' 'persuade,' 'induce,' 'entice,' or 'coerce,' though not defined in the statute, are words of common usage that have plain and ordinary meanings." *United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007); *see also United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006) ("[A]ny ambiguity in § 2422(b) is no greater than that found in many criminal statutes."). The Court finds that an ordinary person can ascertain what is prohibited based upon the language in the statute.

Count II alleges violation of 18 U.S.C. § 1470, which deals with the transfer of obscene materials. Although the word obscene is not specifically defined within the statute, the Supreme Court has supplied a three-part test for courts to consider when evaluating whether material is "obscene." *See Miller*, 413 U.S. at 24-25; *Hamling v. United States*, 418 U.S. 87, 115 (1974) (expressing a "willingness to construe federal statutes dealing with obscenity to be limited to material such as that described in *Miller*"). Thus, the Court finds that § 1470 is not vague. *Accord United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009). Nor is it overbroad, as obscene material is not protected by the First Amendment. *See United States v. Williams*, 553 U.S. 285, 288 (2008) (citing *Roth v. United States*, 354 U.S. 476, 484-85 (1957)).

Count III alleges a violation 18 U.S.C. § 2423(b), which contains the term "illicit sexual conduct." This term is defined by 18 U.S.C. § 2423(f). Any additional terms used as part of the definition are further defined in other sections of Title 18 of the United States Code. *See* 18 U.S.C. § 2423(f) (sexual act is defined in section 2246 and commercial sex act is defined in section 1591). Accordingly, the Court finds that this statute cannot be found void for vagueness,

as its terms are clearly defined and an ordinary person could understand what is prohibited. Moreover, the statute is narrowly tailored to apply only to those who travel with a specific purpose. *See Tykarsky*, 446 F.3d at 472; *accord United States v. Cote*, No. 03CR271, 2005 WL 1323343, at *3 n. 2 (N.D. Ill. May 26, 2005).

Finally, the Court finds 18 U.S.C. § 2252, as alleged in Count IV, is not overbroad or void for vagueness. The Sixth Circuit addressed this issue in *United States v. Halter*, 259 Fed. App'x 738, 739-40 (6th Cir. 2008). In that decision, the Sixth Circuit held that § 2252(a)(4)(B) "provides adequate notice to people of ordinary intelligence about the conduct it proscribes, namely, knowingly possessing sexually explicit images of actual children," and was therefore not void for vagueness. *Id.* at 740. As noted earlier, "sexually explicit conduct" is defined in 18 U.S.C. § 2256. As to overbreadth, the Sixth Circuit reasoned that "any arguably impermissible applications of the statute to citizens who view simulated child pornography amount to no more than a tiny fraction of the materials within the statute's reach." *Id.* (analogizing the defendant's overbreadth argument to that rejected by the Supreme Court in *New York v. Ferber*, 458 U.S. 747, 772-73 (1982)); *see also United States v. Tolczeki*, 614 F. Supp. 1424, 1429-30 (N.D. Ohio 1985). Because Defendant has failed to specify his challenges to this statute, the Court applies the same reasoning as the Sixth Circuit to find that the statute is not overbroad or vague.

Defendant's Motion to Dismiss as Void for Vagueness and Overbreadth is hereby DENIED.

## XII. Motion to Dismiss Superseding Indictment (DN 142)

Finally, Defendant seeks to dismiss the entire Superseding Indictment because Defendant did not violate the statutes as charged. Defendant asserts that Counts I and II specifically refer to

12

an "individual who has not attained the age of 18 years," 18 U.S.C. § 2422(b), and an "individual who has not attained the age of 16 years . . . ." 18 U.S.C. § 1470. As Detective Arterburn is clearly over the age of eighteen, Defendant argues that he did not violate these two statutes. However, numerous circuits have held that "an actual minor victim is not required for an attempt conviction under § 2422(b)." *United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006); *see also United States v. Sims*, 428 F.3d 945, 960 (10th Cir. 2005) (finding that factual impossibility is not a defense to criminal attempt and "it is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved"); *Tykarsky*, 446 F.3d at 468-69; *United States v. Meek*, 366 F.3d 705, 719 (9th Cir. 2004); *United States v. Root*, 296 F.3d 1222, 1227-29 (11th Cir. 2002); *United States v. Farner*, 251 F.3d 510, 512-13 (5th Cir. 2001). Although the Sixth Circuit has not addressed the issue of factual impossibility as a defense to § 2422(b), the Court believes the reasoning of these other Circuits is sound. Moreover, the same reasoning applies to the attempt provision of 18 U.S.C. § 1470.

As to Count III, Defendant argues that an individual cannot violate 18 U.S.C. 2423(b) by himself. Section 2423 governs the transportation of minors, and part (b) states as follows:

> A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(b). Defendant fails to cite to any case law supporting his argument. Nor does the statute's language support Defendant's argument. Moreover, the Third Circuit's reasoning in *Tykarsky* specifically mentions § 2423(b) and states that the involvement of an actual minor is

not required by the statute's language. 446 F.3d at 469. The Third Circuit noted that criminal liability "'turns simply on the purpose for which [the defendant] traveled.'" *Id.* (quoting *United States v. Root*, 296 F.3d 1222, 1231 (11th Cir. 2002)). Accordingly, Defendant's argument is without merit.

Defendant argues that Count IV has not been violated because the government has failed to produce any evidence that Defendant was in possession of any visual depictions involving "the use of a minor engaging in sexually explicit conduct . . . ." 18 U.S.C. § 2252(a)(4)(B)(I). The Court finds that Defendant's argument lacks merit. "An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for a trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 409 (1956); *see also United States v. Castro*, 908 F.2d 85, 89 (6th Cir. 1990). The Superseding Indictment is valid upon its face. Accordingly, Defendant cannot challenge the competency of the evidence at this time. Defendant's motion is DENIED.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motions are GRANTED IN PART and DENIED IN PART.