UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CR-59

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

DAVID EUGENE HILL                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the government's Motion in Limine (Docket #175) and Defendant's Motion in Limine (Docket #174). For the following reasons, the government's motion is GRANTED, and Defendant's motion is DENIED.

## BACKGROUND

David Eugene Hill was arrested after he allegedly engaged in internet chats with an underage girl, sent her electronic images of himself and sexual items, and agreed to meet her in a park for the purpose of engaging in sexual activity. The underage girl was actually an undercover police officer, Detective Mike Arterburn. Mr. Hill was apprehended and arrested in the park on February 22, 2009. He was indicted on April 7, 2009. A superseding indictment was issued on May 11, 2010. This matter is set for trial on November 8, 2010.

## DISCUSSION

**I.     Government's Motion in Limine**

      *A.     Impact of Conviction on Defendant's Family*

The government seeks to exclude any evidence or argument regarding the effect a conviction may have on Defendant's family. The government argues that such evidence would be irrelevant and serves only as an appeal to the sympathy of the jury. The Court agrees with the government that such evidence is irrelevant to Defendant's guilt. Such evidence does not have

"any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (defining "relevant evidence"). Evidence which the Court finds irrelevant is inadmissible. Fed. R. Evid. 402.

Accordingly, the government's motion is GRANTED.

B. *Penalties Faced by Defendant*

Next, the government seeks to exclude any argument or evidence regarding the potential penalties Defendant faces should he be convicted. In support of this argument, the government cites to *Rogers v. United States*, 422 U.S. 35, 40 (1975), for the proposition that a jury should reach a verdict without regard to the potential sentence. In *Rogers*, the Supreme Court addressed a situation in which a trial judge received a question from the jury during their deliberations concerning leniency. 422 U.S. at 40. The Supreme Court noted that the trial judge should have informed the jury that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Id.*

The Sixth Circuit has held that "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment." *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966). "'[T]he jury has no concern with the consequences of a verdict, either in the sentence, if any, or the nature or extent of it, or in probation.'" *Id.* at 64 (quoting *Lyles v. United States*, 254 F.2d 725, 728 (D.C. Cir. 1957), *overruled on other grounds by United States v. Brawner*, 471 F.2d 969 (D.C. Cir. 1972)). *See also United States v. Calhoun*, 49 F.3d 231, 236 n. 6 (6th Cir. 1995) (finding that a district court did not err by refusing to allow a defendant to inform the jury of the potential punishment

she faced). Moreover, the Court does not believe that the potential penalties Defendant might face are relevant under Federal Rule of Evidence 402.

Accordingly, the government's motion is GRANTED.

*C.     Jury Nullification*

Finally, the government seeks to preclude any arguments of jury nullification. The government argues that it would be improper for Defendant to suggest to the jury that they may acquit for reasons beyond the facts and law of the case.

Several circuit courts have held that informing the jury of jury nullification is improper. "Although a jury is entitled to acquit on any ground, a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e. a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power." *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996); *see also Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005) ("Importantly, while jurors have the power to nullify a verdict, they have no right to do so."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly.").

The Sixth Circuit has also indicated that informing the jurors of their right to nullification is improper. "Although jurors may indeed have the power to ignore the law, their duty is to apply the law as interpreted by the court and they should be so instructed." *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir. 1983) (citations omitted); *accord Calhoun*, 49 F.3d at 236 n. 6 (finding no error where district court refused to allow defendant to inform jury of the power to nullify). Accordingly, the Court finds that any arguments as to jury nullification shall not be

3

allowed. The government's motion is, therefore, GRANTED.

## II. Defendant's Motion in Limine

Defendant seeks to exclude any evidence that Defendant had any controlled substance in his possession at the time of his arrest. Specifically, Defendant notes that the government claims Defendant was in possession of six Valium pills when he was arrested, based upon a nurse's Intake/Release Form at the Marion County Jail. Defendant argues that there are no lab tests to establish the identity of the pills, and there is an insufficient chain of custody. Moreover, Defendant argues that such evidence is irrelevant and highly prejudicial.

The government may prove the identity of a controlled substance through circumstantial evidence; no laboratory analysis is required. *United States v. Stewart*, 325 F. Supp. 2d 474, 485-86 (D. Del. 2004) (citing *Griffin v. Spratt*, 969 F.2d 16, 22 n. 2 (3d Cir. 1992)); *accord United States v. Swift*, 276 F. App'x 439, 442 (6th Cir. 2008) ("[C]ase law supports the conclusion that lack of a lab report is not dispositive."); *United States v. Schrock*, 855 F.2d 327, 334 (6th Cir. 1988) (noting that case law demonstrates "the government may establish the identity of a drug through cumulative circumstantial evidence."). In addition, "[a]bsent a clear showing of abuse of discretion, challenges to the chain of custody go to the weight of evidence, not its admissibility." *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990). Accordingly, this is not an appropriate basis for exclusion.

Moreover, evidence of Defendant's possession of Valium is relevant as it has been demonstrated that Defendant discussed bringing Valium with him during his internet chats with Detective Arterburn. *See* Suppression Transcript, DN 50, p. 31, 67. The Court also finds that the probative value of this evidence outweighs any potential prejudice to the Defendant. *See*

4

Fed. R. Evid. 403. The Court will instruct the government, however, to refrain from addressing the issue of whether Defendant was in possession of Valium without a proper prescription, so as to alleviate Defendant's concerns about any prejudice stemming from the implication that Defendant committed an additional crime for which he has not been charged.

Defendant's motion is DENIED.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the government's Motion in Limine is GRANTED, and Defendant's Motion in Limine is DENIED.