UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CR-59

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.

DAVID EUGENE HILL                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Dismiss (Docket #178) and Defendant's Motion in Limine (Docket #179). For the following reasons, the motion to dismiss is DENIED, and the motion in limine is GRANTED.

## BACKGROUND

David Eugene Hill was arrested after he allegedly engaged in internet chats with an underage girl, sent her electronic images of himself and sexual items, and agreed to meet her in a park for the purpose of engaging in sexual activity. The underage girl was actually an undercover police officer, Detective Mike Arterburn. Mr. Hill was apprehended and arrested in the park on February 22, 2009. He was indicted on April 7, 2009. A superseding indictment was issued on May 11, 2010. This matter is set for trial on November 8, 2010.

## DISCUSSION

**I.    Defendant's Motion to Dismiss**

Defendant seeks to dismiss the Indictment and Superseding Indictment on the basis of statements made by Detective Michael Arterburn before the federal grand jury. Detective Arterburn testified before the grand jury on April 7, 2009. Defendant challenges three statements that Detective Arterburn made to the grand jury which Defendant considers unfairly prejudicial.

First, Defendant challenges a statement made by Detective Arterburn that Defendant was "already a convicted felon and apparently used to the system. So he's dealt in federal law before." Defendant argues that this statement is inadmissible before a petit jury under Federal Rule of Evidence 609, and therefore, should be inadmissible before a grand jury as well. Moreover, Defendant argues that his conviction was approximately forty years ago and completely unrelated to the offenses being considered by the grand jury. Therefore, for Detective Arterburn to make such a statement was highly prejudicial, and warrants dismissal of the Indictment.

Next, Defendant argues that it was improper for the prosecutor to allow Detective Arterburn to "guess" the ages of the females in photographs obtained from a thumb drive allegedly taken from Defendant when he was arrested. Detective Arterburn made such statements as "I am guessing they're probably about fourteen, maybe sixteen . . ." and "I'd say the youngest is probably maybe five or six . . . ."

Finally, Defendant argues it was highly prejudicial of Detective Arterburn to make statements about other possible crimes Defendant may have committed that were not before the grand jury. Detective Arterburn stated that he was concerned Defendant "had had contact with a child before." Defendant argues that this unfairly prejudiced the grand jurors against Hill, and the prosecution failed to take any steps to prevent Detective Arterburn from presenting such testimony.

"An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 409 (1956). The Court has already found that the Indictment is valid on its face. *See*

Memorandum Opinion and Order, DN 169, p. 14. Moreover, there is no argument that the grand jury was not legally constituted. In addition, the Sixth Circuit has held that "unbiased," as used in *Costello*, generally "refers to a grand jury which is predisposed in one way or another at the time of selection." *United States v. Adamo*, 742 F.2d 927, 936 (6th Cir. 1984) (acknowledging that "grand jurors are routinely subjected to *voir dire*" for this purpose).

Additional Sixth Circuit precedent indicates that "[u]nder limited circumstances, a court may dismiss an indictment for such prosecutorial misconduct before the grand jury on the basis of Fifth Amendment due process or the court's inherent supervisory powers." *United States v. Talbot*, 825 F.2d 991, 998 n. 5 (6th Cir. 1987); *accord United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) ("Courts therefore will act when the grand jury's function has been so subverted as to compromise the integrity of the judicial process.").

> Thus, in addressing cases involving alleged prosecutorial misconduct before a grand jury, the Sixth Circuit has established a two part inquiry. *United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985). First, "a court may not order dismissal of an indictment under its supervisory power unless the defendant demonstrates that 'prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district.'" *Id.* (alteration in original) (citation omitted). Next, a defendant must also demonstrate that the prosecutor's actions caused the defendant actual prejudice. *Id.*; *accord, United States v. Azad*, 809 F.2d 291, 294 (6th Cir. 1986).

*United States v. Boettcher*, 164 F. Supp. 2d 925, 292 (E.D. Mich. 2001).

The testimony given by Detective Arterburn was truthful, or at most, admitted speculation. There is no allegation of perjured grand jury testimony. In addition, the Federal Rules of Evidence do not apply to grand jury proceedings. *See* Fed. R. Evid. 1101(d)(2); *United States v. Levine*, 700 F.2d 1176, 1179 (8th Cir. 1983) ("[T]he rules of evidence, which limit, *inter alia*, the use of prior convictions . . . are not applicable to federal grand jury proceedings.").

3

Therefore, the fact that Defendant's prior conviction is not admissible at trial, or that Detective Arterburn offered improper lay witness opinion testimony, does not destroy the validity of the Indictment.

Moreover, the Court finds that there was substantial evidence before the grand jury such that the Court cannot say the grand jury would not have issued the Indictment absent Detective Arterburn's statements about Defendant's prior conviction, the ages of the females in the photographs, and the possibility that Defendant had committed other crimes. "'It is enough . . . that there is *some* competent evidence to sustain the charge issued by the Grand Jury even though other evidence before it is incompetent or irrelevant in an evidentiary sense or even false.'" *Adamo*, 742 F.2d at 939 (quoting *Coppedge v. United States*, 311 F.2d 128, 132 (D.C. Cir. 1962) *cert. denied*, 373 U.S. 946 (1963) (emphasis in original)). In light of the additional evidence available to the grand jury, Defendant has not established that any prosecutorial misconduct "'substantially influenced the grand jury's decision to indict' . . . ." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)). Accordingly, the Court does not perceive any actual prejudice in this case.

Nor has Defendant established a long-standing problem of prosecutorial misconduct before the grand jury in this district as required by *Griffith*. *See* 756 F.2d at 1249. Finding that the jury was legally constituted and unbiased, the indictment is valid on its face, and competent evidence was submitted to sustain the charges and refute any notions of actual prejudice, the Court DENIES Defendant's motion to dismiss.

II.     **Defendant's Motion in Limine**

Defendant seeks to preclude the government "from requesting its witnesses to 'guess' the ages of the females in photographs contained on a thumb drive allegedly seized from Hill." Defendant argues that the government only intends to offer the testimony of a police officer as to the ages of the girls in those photographs, instead of an expert with specialized knowledge in determining the ages of females, such as a licensed pediatrician.

The Sixth Circuit has permitted expert testimony as to the ages of children depicted in child pornography cases. *See, e.g.*, *United States v. Noda*, 137 F. App'x 856, 864 (6th Cir. 2005) (citing *United States v. Farrelly*, 389 F.3d 649, 653 (6th Cir. 2004)). In this case, there is no indication that Detective Arterburn has any expertise in identifying the ages of children. Nor has the government disclosed any expert to testify on this topic at trial.

Detective Arterburn's opinions as to the ages of the females in the photographs taken from the thumb drive are lay witness opinions. Under Federal Rule of Evidence 701, a lay witness may testify in the form of opinions only when such opinions are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701. The Court does not believe Detective Arterburn's opinions are necessary or helpful, as the pictures will be made available to the jury. Jurors can make their own determinations as to age, based upon their everyday experiences. Accordingly, Defendant's motion is GRANTED.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED, and Defendant's Motion in Limine is GRANTED.