UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CR-59

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

DAVID EUGENE HILL                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion in Limine (Docket #185) and Defendant's Motion to Dismiss Count Four and Preclude the Government from Showing Any of the Visual Depictions Obtained from Hill's Thumb Drive (Docket #186). For the following reasons, the motion in limine is GRANTED, and the motion to dismiss is DENIED.

## BACKGROUND

David Eugene Hill was arrested after he allegedly engaged in internet chats with an underage girl, sent her electronic images of himself and sexual items, and agreed to meet her in a park for the purpose of engaging in sexual activity. The underage girl was actually an undercover police officer, Detective Mike Arterburn. Mr. Hill was apprehended and arrested in the park on February 22, 2009. He was indicted on April 7, 2009. A superseding indictment was issued on May 11, 2010. This matter is set for trial on November 8, 2010.

## DISCUSSION

**I.     Defendant's Motion in Limine**

Defendant seeks to preclude the government from introducing any evidence against Defendant pursuant to Federal Rule of Evidence 404(b). Rule 404(b) states that "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it

intends to introduce at trial." Fed. R. Evid. 404(b).

The Court's Scheduling Order entered on September 23, 2010, ordered the government to provide notice of Rule 404(b) evidence to Defendant three weeks prior to the November 8, 2010, trial date. On October 12, 2010, Defendant filed a motion for an order requiring the government provide notice of its intent to use Rule 404(b) evidence. The government's response indicated that it would provide such notice to Defendant seven days prior to trial. Relying upon this representation, the Court denied Defendant's motion as moot on October 27, 2010. Defendant's current motion notes that the government had still failed to provide notice as of Wednesday, November 3, 2010. This matter is still set to go to trial on Monday, November 8, 2010.

Under Rule 404(b), the government must provide "reasonable notice in advance of trial." Fed. R. Evid. 404(b). A district court "has the discretion to determine reasonableness under the circumstances . . . ." *United States v. Barnes*, 49 F.3d 1144, 1147 (6th Cir. 1995). The Advisory Committee notes to Rule 404(b) explain that the rule "'is intended to reduce surprise and promote early resolution on the issue of admissibility.'" *Id.* (quoting Fed. R. Evid. 404(b) advisory committee's note (1991 amendment)).

The Court finds that the government has not complied with the deadlines set by this Court. Nor does the Court believe that, were the government to provide Rule 404(b) notice at this time, Defendant would have a sufficient amount of time to challenge such evidence before the start of trial. Accordingly, the Court grants Defendant's motion and precludes the government from admitting any Rule 404(b) evidence at trial. The government may still present such evidence at trial if good cause can be shown, *see* Fed. R. Evid. 404(b) ("the prosecution shall provide notice . . . during trial if the court excuses pretrial notice on good cause shown"),

2

but the government must demonstrate why the nature of such evidence could not have provided to Defendant within a reasonable time before the trial.

## II.     Defendant's Motion to Dismiss Count Four

Defendant seeks to dismiss Count Four of the Superseding Indictment and to preclude the government from introducing any visual depictions obtained from a thumb drive allegedly seized from Defendant. Defendant argues that the visual depictions, without question, do not contain "graphic" "sexually explicit conduct." Defendant cites to *Ashcroft v. Free Speech Coalition, Inc.*, 535 U.S. 234 (2002), in support of his argument that the pictures must be "graphic."

> [T]he Court in *Free Speech Coalition* struck down, as overbroad and unconstitutional, two provisions added by the Child Pornography Prevention Act of 1996 (CPPA). Those two provisions expanded the definition of child pornography to include: any visual depiction, including (1) a computer generated image, that 'is, *or appears to be*, of a minor engaging in sexually explicit conduct,' 18 U.S.C. § 2256(8)(B) (emphasis added); and (2) any sexually explicit image taht aws 'advertised, promoted, presented, described, or distributed in such a manner that *conveys the impression*' of depicting 'a minor engaging in sexually explicit conduct,' 18 U.S.C. § 2256(8)(D) (emphasis added). The Court held that by encompassing 'virtual' child pornography that involved no real children these definitions violated the First Amendment because they proscribed 'a significant universe of speech that is neither obscene under *Miller* nor child pornography under *Ferber*.' *Free Speech Coalition*, 535 U.S. at 1396, 122 S.Ct. 1751 (referencing *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L. Ed. 2d 419 (1973), and *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L. Ed. 2d 1113 (1982)).

*United States v. Fuller*, 77 F. App'x 371, 379 (6th Cir. 2003). The Sixth Circuit in Fuller held that 18 U.S.C. § 2252(a)(4)(B) was not rendered unconstitutional by *Free Speech Coalition* because its "elements correspond to the definition of child pornography that predated the CPPA amendments," and the statute requires proof that the visual depictions involve the use of a minor. *Id.*

The addition of "graphic" to the definition of "sexually explicit conduct" applies only to

child pornography as defined in 18 U.S.C. § 2256(8)(B). *See* 18 U.S.C. § 2256(2)(B) (defining "sexually explicit conduct" for purposes of subsection 8(b) only). That section defines "child pornography" as any visual depiction where "a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct . . . ." 18 U.S.C. § 2256(8)(B). In all other instances, including 18 U.S.C. § 2252(a)(4)(B), with which Defendant is charged, the definition of "sexually explicit conduct" as set forth in 18 U.S.C. § 2256(2)(A) applies. There is no "graphic" requirement in this definition.

The Court further notes that it is for the jury, not the Court, to determine whether the images obtained from the thumb drive allegedly seized from Defendant constitute visual depictions of "sexually explicit conduct." Accordingly, the Court cannot grant Defendant's request the government be precluded from presenting these depictions to the jury.

For these reasons, Defendant's motion to dismiss is without merit and is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion in Limine is GRANTED, and Defendant's Motion to Dismiss Count Four is DENIED.