UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO.: 3:09-CR-59-TBR

UNITED STATES v. DAVID EUGENE HILL

FILED US
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

10 NOV -9 PM 3: 32

# JURY INSTRUCTIONS

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant's guilt beyond a reasonable doubt. It is my job to instruct you about the law and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the Government tells a defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a defendant is guilty and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# INSTRUCTION NO. 4

## Knowingly

The word "knowingly," as that term has been used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

# INSTRUCTION NO. 5

## Inferring Required Mental State

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what a defendant did, how a defendant acted, and any other facts or circumstances in evidence that show what was in a defendant's mind.

You may also consider the natural and probable results of any acts that a defendant knowingly did and whether it is reasonable to conclude that a defendant intended those results. This, of course, is all for you to decide.

# INSTRUCTION NO. 6

## Count One: Coercion and Enticement

Defendant in Count One (1) is charged with violating Section 2422(b) of Title 18 of the United States Code. This section makes it a Federal crime or offense for anyone to use any facility or means of interstate commerce, including transmissions by computer on the internet, in an attempt to knowingly persuade, induce, or entice any individual who has not attained the age of eighteen (18) years to engage in any sexual activity for which any person can be charged with a criminal offense.

To prove the defendant guilty of this crime, the government must prove each of the following four elements beyond a reasonable doubt:

First: That the defendant knowingly used a computer to attempt to persuade, induce, or entice an individual under the age of eighteen (18) to engage in sexual activity, as charged;

Second: That the defendant believed that such individual was less than eighteen (18) years of age;

Third: That if the sexual activity had occurred, the defendant could have been charged with a criminal offense under Kentucky law; and

Fourth: That the defendant acted knowingly and willfully.

It is *not* necessary for the government to prove that the individual was in fact less than eighteen (18) years of age; but it *is* necessary for the government to prove that the defendant *believed* such individual to be under that age.

Also, it is *not* necessary for the government to prove that the individual was actually persuaded or induced or enticed to engage in sexual activity; but it *is* necessary for the government to prove that the defendant intended to engage in some form of unlawful sexual activity with the

individual and knowingly and willfully took some action that was a substantial step toward bringing about or engaging in that sexual activity.

# INSTRUCTION NO. 7

## Kentucky Law

As I stated a moment ago, the government must prove that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the law of Kentucky. As a matter of law, the following acts are crimes under Kentucky law. Violation of one or more is sufficient.

I.    Under Kentucky law, it is a crime to engage in sexual intercourse with a person who is under the age of sixteen (16). Kentucky Revised Statutes section 510.060 defines Rape in the third degree as follows:

   (1)    A person is guilty of rape in the third degree when:

      (b)    Being twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than sixteen (16) years old.

"Sexual intercourse," as defined by Kentucky Revised Statutes section 510.010, means sexual intercourse in its ordinary sense and includes penetration of the sex organs of one person by a foreign object manipulated by another person. Sexual intercourse occurs upon any penetration, however slight; emission is not required.

II.    Under Kentucky law, it is a crime to engage in deviate sexual intercourse with a person who is under the age of sixteen (16). Kentucky Revised Statutes section 510.090 defines Sodomy in the third degree as follows:

   (1)    A person is guilty of sodomy in the third degree when:

      (b)    Being twenty-one (21) years old or more, he or she engages in deviate sexual intercourse with another person less than sixteen (16) years old.

"Deviate sexual intercourse," as defined in Kentucky Revised Statutes section 510.010,

means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another; or penetration of the anus of one person by a foreign object manipulated by another person.

III.     Under Kentucky law, it is a crime to subject a person who is under the age of sixteen (16) to sexual contact. Kentucky Revised Statutes section 510.110 defines Sex Abuse in the first degree as follows:

(1)     A person is guilty of sexual abuse in the first degree when:

    (c)     Being twenty-one (21) years old or more, he or she:

        1.     Subjects another person who is less than sixteen (16) years old to sexual contact;

        2.     Engages in masturbation in the presence of another person who is less than sixteen (16) years old and knows or has reason to know the other person is present; or

        3.     Engages in masturbation while using the Internet, telephone, or other electronic communication device while communicating with a minor who the person knows is less than sixteen (16) years old, and the minor can see or hear the person masturbate.

"Sexual contact," as defined in Kentucky Revised Statutes section 510.010, means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party.

# INSTRUCTION NO. 8

The terms "persuade," "induce," and "entice" have plain and ordinary meanings in the statute. You may use your ordinary understanding of these terms to decide whether the government has proven the first element of the crime charged, as I have just instructed you.

**INSTRUCTION NO. 9**

**Interstate Commerce**

The Internet is a facility or means of interstate commerce. The government must prove that the defendant used the Internet to commit the crime charged as I have instructed.

# INSTRUCTION NO. 10

## Attempt

I will now instruct you on what is required for an attempt. In order to prove the defendant attempted to persuade, induce, or entice an individual under the age of eighteen (18) to engage in sexual activity, as charged in Count One (1), the government must prove the following elements beyond a reasonable doubt, with respect to each count:

(A)    First, that the defendant knowingly intended to persuade, induce, or entice an individual under the age of eighteen (18) to engage in sexual activity; and

(B)    Second, that the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime charged. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

**INSTRUCTION NO. 11**

**Count Two: Transfer of Obscene Material to a Minor**

The defendant is charged in Count Two (2) of the Indictment with attempting to illegally transfer obscene material to a minor in violation of Section 1470 of Title 18 of the United States Code. In order to prove a violation of this section, the United States must establish each of the following elements beyond a reasonable doubt:

First:      That the defendant knowingly used the mail or any facility or means of interstate commerce to transfer obscene matter;

Second:      That the defendant knew that he was transferring obscene matter to an individual less than sixteen (16) years old;

Third:      That the materials in question are obscene matter as hereafter defined;

Fourth:      That the defendant knew at the time of the transfer the general nature of the contents of the matter.


For you to find Defendant guilty of attempting to commit transfer of obscene material to a minor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:      That the defendant knowingly intended to commit the offense of transfer of obscene materials to a minor; and

Second:      That the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

## INSTRUCTION NO. 12

### "Using any Facility or Means of Interstate Commerce"

The term "using any facility or means of interstate commerce" means employing or utilizing any instrumentality used for travel, trade, transportation or communication between one state, territory or possession of the United States and another state, territory or possession of the United States.

The Internet is a facility of interstate commerce. The government must prove that the defendant used the Internet to commit the crime charged as I have instructed.

## INSTRUCTION NO. 13

### Proof of Obscenity

An essential element the United States must prove is that the materials charged as being transferred are "obscene" materials. In this regard, however, the United States doe not have a burden to provide affirmative evidence of their obscenity, other than to place the materials themselves into evidence. Once the materials are placed into evidence by the United States, they are considered the best evidence of what they represent and are sufficient in themselves for the determination of obscenity. This determination of obscenity must be made by you, using the three part test developed by the Supreme Court of the United States.

**INSTRUCTION NO. 14**

**Elements of Obscenity**

Freedom of expression has contributed much to the development and well being of our free society. In the exercise of the fundamental constitutional right to free expression which all of us enjoy, sex may be portrayed, and the subject of sex may be discussed, freely and publicly. Material is not to be condemned merely because it contains passages or sequences that are descriptive of sexual activity. However, the constitutional right of free expression does not extend to that which is obscene.

In determining whether the materials in this case are obscene materials, as charged in the Indictment, you are to apply the following three-part test:

Material is obscene when:

(1)     the average person, applying contemporary adult community standards, would find the work, taken as a whole, appeals to the prurient interest; and

(2)     the average person, applying contemporary adult community standards, would find the work depicts or describes sexual contact in a patently offensive way; and

(3)     a reasonable person would find that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

All three characteristics of this test must be present in the material for it to be found to be obscene material.

# INSTRUCTION NO. 15

## The Average Person

In deciding whether the material as a whole appeals to the prurient interest and whether the sexual conduct is portrayed in a patently offensive way, the jury must avoid subjective personal and private views in applying the local community standards of average adults. Instead, the jury must evaluate what judgment would be made by a hypothetical average adult applying the collective view of the local community as a whole.

**INSTRUCTION NO. 16**

**Contemporary Community Standards**

In deciding the "prurient interest" and "patent offensiveness" tests, the jury is to decide what judgment would be made by the average person in the application of contemporary community standards. Community standards simply provide the measure against which the jury decides the questions of appeal to prurient interest and patent offensiveness.

In deciding what conclusion would be reached by the average person applying contemporary community standards, the jury is entitled to draw on its own knowledge of the views and sense of the average person in the local community from which the jury was drawn.

Contemporary community standards are set by what is in fact accepted in the community as a whole. Contemporary community standards are the accepted standards of morality and decency and refer to the customary limits of candor in the representation of sexual matters. In determining these "standards," you are to consider the views of all adult residents of this community. Therefore, obscenity is not a matter of individual taste and the question is not how the material impresses an individual juror; rather, the test is how the average adult resident of this community would view the material.

The "local community" you should consider in deciding these questions is the region from which you have been drawn, encompassing the counties in which you, the jury, reside. You must decide how the average person would apply the contemporary adult community standards within this region in which you live.

# INSTRUCTION NO. 17

## The "Prurient Interest" Test

In using these terms, the first test which must be applied by you in determining whether material is obscene, is "whether the average person, applying contemporary community standards, would find that the work taken as a whole, appeals to the prurient interest." Obscene material appeals to the "prurient interest" when it is directed or makes its appeal to an unhealthy or abnormally lustful or erotic interest, or to a lascivious or degrading interest, or to a shameful or morbid interest in nudity, sex, or excretion.

Prurient appeal is a reference to qualities of the material itself, and the type of interest to which it is directed. There is no requirement that the material would necessarily be found to sexually arouse the average person, or the triers of fact, or anyone else. The average person applies and is the judge, and not the object, of the test.

Though the jury must satisfy the statute in finding that the material as a whole appeals generally to a prurient interest in nudity, sex, or excretion, in making that determination the jury should measure the prurient appeal of the material as to all adult groups. In determining whether the average person, applying contemporary community standards, would consider certain materials "prurient," the jury may find that it would either stimulate the erotic or disgust and sicken the average adult. This prurient appeal requirement may be adjusted to social realities, however, by permitting the appeal of the material to be assessed in terms of the sexual interests of its intended and probable recipient group. If the jury finds that the material is designed for and primarily disseminated to a clearly defined deviant sexual group, rather than the public at large, the prurient appeal requirement is satisfied if the dominant theme of the material taken as a whole appeals to the prurient interest of the members of that group.

# INSTRUCTION NO. 18

## The "Patent Offensiveness" Test

The second test to be applied, in determining whether material is obscene, is whether it depicts or describes certain types of sexual conduct in a patently offensive way. These types of "sexual conduct" include ultimate sexual acts, normal or perverted, actual or simulated; masturbation; excretory functions; lewd exhibition of the genitals; and acts of flagellation, torture, or other violence indicating sado-masochistic sexual activity or abuse. The focus is not on whether the matter depicts offensive sex acts, per se, but on whether the sex acts are depicted in a patently offensive manner.

The material as a whole or the circumstances of distribution are not considered as to whether they are patently offensive. The question is whether the average person, applying contemporary adult community standards, would find that the sexual conduct depicted or described in the material is portrayed in a patently offensive way. Patent offensiveness means substantially beyond customary limits of candor in describing or representing sexual matters. It means a deviation from society's standards of decency because it affronts contemporary adult community standards relating to the description or representation of sexual matters or, said another way, because it fails to conform to accepted standards of morality. In this regard, contemporary community standards are set by what is in fact accepted in the adult community as a whole. The tolerance of society to depictions of sexual matters is relevant only to whether the manner of depicting or describing sexual conduct is acceptable under contemporary standards in this community.

# INSTRUCTION NO. 19

## "Serious Value" Defined

The third test which must be applied in determining whether material is obscene is whether a "reasonable person" would find that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.

You may draw on your own common sense and experience in making the determination of whether a "reasonable person" would find that this material lacks such value.

Just as the ideas a work represents need not obtain majority approval to merit protection, neither, insofar as the First Amendment is concerned, does the value of the work vary from community to community based on the degree of local acceptance it has won. The proper inquiry is not whether an ordinary member of any given community would find serious literary, artistic, political, or scientific value in allegedly obscene material, but whether a reasonable person would find such value in the material, taken as a whole.

# INSTRUCTION NO. 20

## Count Three: Travel with Intent to Engage in Illicit Sexual Conduct

The defendant is charged in Count Three (3) of the Indictment with travel with intent to engage in illicit sexual conduct in violation of Section 2423(b) of Title 18 of the United States Code.

The defendant can be found guilty of this crime only if all of the following facts are proved by the government beyond a reasonable doubt:

(1)     The defendant traveled in interstate commerce;

(2)     The defendant traveled for the purpose of engaging in illicit sexual conduct.

For purposes of this offense, the term "illicit sexual conduct" means a sexual act with a person who is under sixteen (16) years of age and is at least four years younger than the defendant.

The term "sexual act" means:

(1)     Contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

(2)     Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

(3)     The penetration–however slight–of another person's anal or genital openings by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the defendant or any other person.

"Interstate commerce" is the movement or transportation of a person from one state to another state.

The government does not have to show that the defendant's only purpose in traveling in interstate commerce was to engage in illicit sexual conduct, but the government must show that it was one of the motives or purposes for the travel. In other words, the government must show that

the defendant's criminal purpose was not merely incidental to the travel.

# INSTRUCTION NO. 21

## Count Four: Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

The defendant is charged in Count Four (4) of the Superseding Indictment with possession of visual depictions of a minor engaged in sexually explicit conduct in violation of Section 2252(a)(4)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)  First, the defendant knowingly possessed a matter [flash drive] that the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct;

(2)  Second, the defendant knew the visual depiction contained in the matter [flash drive] showed a minor engaged in sexually explicit conduct;

(3)  Third, the defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and

(4)  Fourth, that each visual depiction had been either

    (a)  Transported in interstate commerce, or

    (b)  Produced using material that had been shipped or transported in interstate commerce by computer or other means.

"Visual depiction" includes undeveloped film and video tape, and data that has been stored on computer disk or data that has been stored by electronic means and that is capable of conversion into a visual image.

A "minor" is any person under the age of eighteen (18) years.

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "interstate or foreign commerce" is the movement of property between those located in different states or between those located in the United States and those located outside of the United States.

The term "sexually explicit conduct" means actual or simulated:

(1)    Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(2)    Bestiality;

(3)    Masturbation;

(4)    Sadistic or masochistic abuse; or

(5)    Lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition. To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

(1)    The overall content of the material;

(2)    Whether the focal point of the visual depiction is on the minor's genitals or pubic area;

(3)    Whether the setting of the depiction appears to be sexually inviting or suggestive–for example, in a location or in a pose associated with sexual activity;

(4)    Whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

(5)    Whether the minor is partially clothed or nude;

(6)    Whether the depiction appears to convey sexual coyness or an apparent willingness

to engage in sexual activity; and

(7)    Whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

## INSTRUCTION NO. 22

### "On or About"

Next, I want to say a word about the date mentioned in the Superseding Indictment.

The Indictment charges that the crimes happened "on or about" and between February 5, 2009, and February 23, 2009. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

# INSTRUCTION NO. 23

## Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 24

### Punishment

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 25**

**Defendant's Election Not to Testify**

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**INSTRUCTION NO. 26**

**Evidence**

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

# INSTRUCTION NO. 27

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 28

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

# INSTRUCTION NO. 29

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO.  30

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

# INSTRUCTION NO. 31

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 32

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

# INSTRUCTION NO. 33

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 34

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.