# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:09-CR-59

**UNITED STATES OF AMERICA**  PLAINTIFF

**v.**

**DAVID EUGENE HILL**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Set Aside Guilty Verdict and Schedule a New Trial (Docket #227). The government has responded (Docket #229). For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

Defendant David Eugene Hill was arrested after he allegedly engaged in internet chats with an underage girl, sent her electronic images of himself and sexual items, and agreed to meet her in a park for the purpose of engaging in sexual activity. The underage girl was actually an undercover police officer, Detective Mike Arterburn. Defendant was apprehended and arrested in the park on February 22, 2009. He was indicted on April 7, 2009. A superseding indictment was issued on May 11, 2010. Defendant's trial took place on November 8-9, 2010, and the jury found Defendant guilty on all four counts.[1]

Defendant has now moved for a new trial based on newly discovered evidence, pursuant to Federal Rule of Criminal Procedure 33(b)(1) and *Giglio v. United States*, 405 U.S. 150 (1972). The government opposes the motion. Defendant is currently scheduled to be sentenced on

---

[1] Defendant was found guilty of (I) coercion and enticement, (II) transfer of obscene material to a minor, (III) travel with intent to engage in illicit sexual conduct, and (IV) possession of visual depictions of a minor engaged in sexually explicit conduct.

March 3, 2011.

## STANDARD

"On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003). Under Rule 33 of the Federal Rules of Criminal Procedure, a new trial is proper when a defendant shows the following: 1) the new evidence was discovered after trial; 2) the new evidence could not have been discovered with due diligence; 3) the evidence is material and not merely cumulative or impeaching; and 4) the evidence could likely produce an acquittal. *United States v. Garcia*, 19 F.3d 1123, 1126 (6th Cir. 1994) (citing *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir. 1992)). Without all of the above factors, the grant of a new trial is improper. "Motions for a new trial based on newly discovered evidence are disfavored, and a trial court's decision not to grant a new trial will be affirmed unless it is a clear abuse of discretion." *Olender*, 338 F.3d at 635.

The government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994) (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). The amount of impeachment evidence that Defendant is entitled to is not without limits, however. "When the 'reliability of a given witness may well be determinative of

2

guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." *Giglio*, 405 U.S. at 154 (quoting *Napue v. Ill.*, 360 U.S. 264, 269 (1959)).

## DISCUSSION

Detective Mike Arterburn was the prosecution's chief witness at trial. Defendant now argues that the government failed to advise defense counsel prior to trial that Detective Arterburn was under investigation on charges of official misconduct. Defendant asserts that he did not learn of this information until the week of February 14, 2011. A Courier-Journal news article notes that Detective Arterburn has been indicted by the Commonwealth of Kentucky on charges of first-degree unlawful access to a computer, harassing communications, and official misconduct. The article further indicates that the charges stem from activities occurring in the summer of 2010. Defendant argues that knowledge of the ongoing investigation would have provided Defendant with impeachment and exculpatory evidence, and the government was required to provide this information prior to trial.

Reversal of a conviction is not required in every case where the prosecution has failed to turn over favorable evidence to the defense. *See Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *United States v. Veksler*, 62 F.3d 544, 550 (3d Cir. 1995)). The favorable evidence must be considered "material." *Id.* In order to determine whether evidence is "material," "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Thus, the favorable evidence must "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 435.

As noted by the government, this case rested largely upon the introduction of Defendant's own incriminating statements and actions. For instance, the evidence introduced at trial included the computer chats Defendant had with a person he believed to be a 14-year-old girl in which Defendant identified himself, proposed various sexual acts, and offered to drive to meet the girl in Louisville, Kentucky. These chats were obtained from Defendant's own computer after the execution of a search warrant at his home. The evidence presented at trial also included webcam images of Defendant exposing his erect penis, wearing a strap on dildo, and holding a pair of crotch-less underwear. At the time Defendant was arrested, police officers recovered a thumb drive and the images found on that drive were presented at trial. From Defendant's car, officers also recovered the strap on dildo, crotch-less underwear, Valium, directions from Defendant's home to Louisville, Kentucky, and receipts verifying that Defendant had paid for a hotel room. Finally, the prosecution presented Defendant's videotaped confession which was obtained shortly after Defendant was first arrested. During that confession, Defendant admitted, among other things, to traveling to meet the 14-year-old girl, bringing the dildo and underwear with him, and checking into a local hotel room. He also acknowledged that the thumb drive belonged to him and contained pictures of young girls.

Detective Arterburn was the lead investigator of Defendant's case and the prosecution's chief witness; thus, his testimony at trial was certainly important and additional impeachment evidence would have been favorable for the defense. However, the Court finds that the additional impeachment evidence now raised by Defendant is not "material" as defined by *Kyles*. First, the Court notes that Detective Arterburn gave several statements under oath prior to the incident leading to his current indictment (and thus before any investigation of Detective

4

Arterburn had commenced). The testimony offered at trial was substantially similar. In addition, Defendant was provided with Detective Arterburn's personnel file and permitted vigorous cross-examination. Moreover, the evidence presented at trial against Defendant was overwhelming and based largely upon Defendant's own actions and confession. The Court believes Defendant was afforded a fair trial, and finds that the impeachment evidence now before the Court does not "undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. In the same vein, Defendant has failed to demonstrate that this evidence is material and could likely produce an acquittal, as required by Rule 33 of the Federal Rules of Criminal Procedure.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Guilty Verdict and Schedule a New Trial is DENIED.